Receipt number BUSFCC-7618600

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THERESA CALHOUN,

and

KATHERINE HOULE,

and

JUANETTA JEMISON,

and

TOMEKA ROYSTER, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA

    Defendant.

Case No.: 22-59 C

## COMPLAINT

The Plaintiffs, Theresa Calhoun, Katherine Houle, Juanetta Jemison, and Tomeka Royster, on their own behalf and on the behalf of all others similarly situated, by and through their undersigned counsel, hereby file this Complaint against Defendant, the United States of America, to redress actions and omissions taken by Defendant in violation of 38 U.S.C. §§ 7453 and 7454 and other applicable laws, rules and regulations. Plaintiffs and all others similarly situated, seek a declaratory judgment, backpay and other relief. Plaintiffs and all others similarly situated also seek interest on the above amounts pursuant to the provisions of 5 U.S.C. § 5596(b), along with attorney's fees and costs.

## INTRODUCTION

1. This is a class action brought by Plaintiffs, on behalf of themselves and all other similarly situated current and former Advanced Practice Registered Nurses ("APRNs") and Physician Assistants ("PAs") who are or were employed within the Compensation and Pension Division of the United States Department of Veterans Affairs ("VA") and who have not received overtime pay or compensatory time off to which they are entitled under 38 U.S.C §§ 7453 and 7454, for all hours of work that they performed on a recurring and involuntary basis and in excess of fifteen (15) minutes, in excess of forty (40) hours in an administrative workweek, and/or in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement ("Overtour Hours").

## JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred by 28 U.S.C. § 1491(a)(1) (Tucker Act).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1491(a)(1).

## FACTUAL ALLEGATIONS

4. Plaintiff Theresa Calhoun is an adult citizen of the United States, residing in Madison, Alabama. Plaintiff Calhoun has been employed in the Compensation and Pension department of the Atlanta VA Medical Center as a Medical Specialty Family Nurse Practitioner from 2014 to the present.

5. Plaintiff Katherine Houle, is an adult citizen of the United States, residing in Winston-Salem, North Carolina. Plaintiff Houle has been employed in the Compensation and Pension department of the Kernersville Health Care Center as a Physician Assistant from 2016 to the present.

6. Plaintiff Juanetta Jemison is an adult citizen of the United States, residing in Buhl,

Alabama. Plaintiff Jemison has been employed in the Compensation and Pension department of the Tuscaloosa Alabama VA Medical Center as a Nurse Practitioner from 2009 to 2021.

7. Plaintiff Tomeka Royster is an adult citizen of the United States, residing in Grovetown, Georgia. Plaintiff Royster was employed in the Compensation and Pension department of the Tuscaloosa Alabama VA Medical Center as a Nurse Practitioner from 2016 to 2021. She is currently the Chief, Clinical Quality and Patient Safety at the Charlie Norwood VA Medical Center in Augusta, Georgia.

8. With respect to the allegations made in this Complaint, Defendant, the United States of America, has acted principally through the United States Department of Veterans Affairs ("VA"). At all relevant times, the agents, officers, and representatives of the United States who took the actions at issue, were duly authorized by the United States to take those actions and thus, Defendant, the United States of America, is ultimately responsible for the actions described in this Complaint.

9. At all relevant times, Plaintiffs and others similarly situated were employed as APNs or PAs within the meaning of 38 U.S.C. §§ 7401(1), 7404, 7421, 7422, 7451, 7452, 7453, and 7454.

10. At all relevant times, up until and including the present, Plaintiffs and others similarly situated have been paid on an hourly basis.

11. With respect to "Determining Whether Activities of Health Care Professionals Constitute VA Work," VA policy (VA Handbook 5011, Part II, Chapter 3) states that, "The statutory missions of VHA include patient care, research and education, and supporting these broad missions entail a variety of different work activities. The primary focus is patient care ...."

12. VA policy (VA Handbook 5011, Part II, Chapter 3) also states that, "[On-site (VA

grounds)] Clinical duties involve providing and/or supervising patient services at VA, clinical teaching at VA related to the care of VA patients, providing patient care at an outpatient clinic, or participating in interdisciplinary patient care conferences at VA. For example, patient evaluation, invasive procedures, consultation, attending rounds, journal club, follow-up calls, clinical documentation, care coordination, or care planning conferences."

13. During all relevant times, up until and including the present, Plaintiffs and others similarly situated were typically scheduled to work eight (8), ten (10) and/or twelve (12) hour shifts, exclusive of meal periods.

14. Plaintiffs and others similarly situated were also provided a 30-minute meal period for which they did not receive compensation.

15. Plaintiffs and others similarly situated are currently or were previously employed within the Compensation and Pension Division ("C&P") of various VA facilities across the country.

16. As employees within C&P, Plaintiffs and others similarly situated were tasked with reviewing and analyzing medical records and performing physical exams on veterans who had applied for disability benefits through the Veterans' Benefits Administration ("VBA") for injuries or illnesses that occurred during their military service or for those who were applying for a VA pension based upon their income.

17. The veterans make claims through the VBA to have medical conditions or diagnoses classified as service-connected in order to receive compensation and other benefits from the VA. The VBA seeks medical opinions from the Plaintiff and other similarly situated.

18. The VA requires exams to be performed within a specific number of days after application and the failure to complete the examination in the allotted time adversely affected the

4

proficiency ratings of both the Plaintiffs and others similarly situated, individually and of the facility as a whole. It also negatively impacted the veterans, who would not receive timely benefits.

19. While some physical exams could be completed in as little as 30 minutes, other exams could span several days. The scope of the exams can vary greatly in terms of time and effort; some veterans may claim only one condition, or even amend the claim to add conditions later, while other claims may include 30 or even more conditions at one time.

20. In addition to performing the physical exam and completing the Disability Benefit Questionnaire ("DBQs") with specific physical exam findings, most medical exams have one or more medical opinions associated with them. There are different types of medical opinions that must be rendered which determine whether the veteran is or is not service-connected for the claimed medical condition(s). Plaintiffs and others similarly situated also reviewed medical records and were required to conduct research to develop the medical opinions.

21. There are various types of medical opinions that can be rendered, e.g., whether preexisting medical condition was aggravated by military duty, direct medical opinions, secondary medical opinions, whether a service-connected condition aggravated a non-service connected condition, etc. The medical opinions must include rationale to support the rendered medical conclusion. The rationale required review of extensive medical records to include Service Treatment Records (STRs), Veterans Health Administration generated medical records since military discharge and private medical records. In addition, the rationales often required research of medical literature to explain or support the rendered medical opinion. Some of the medical records were in the Veterans Benefits Management System ("VBMS"), which contained the STRs, private medical records sent in to support the Veteran's claims, documents from the

5

Court and lawyers, independent medical opinions, and "buddy" statements to support a claim. C&P examiners are required and have clearance to go into this system for medical opinions. Plaintiffs and others similarly situated also reviewed records in the Defendant's Computerized Patient Record System ("CPRS").

22.     Plaintiffs and others similarly situated ordered laboratory and diagnostic studies in the CPRS, which was used by all treatment areas, i.e., primary care and medical specialties at the VHA. Plaintiffs and others similarly situated also used the Compensation and Pension Record Interchange ("CAPRI"), which was the specific records system used for the Disability Exams and medical opinions.

23.     CAPRI was also accessed when Judges from the Board of Veterans Appeals ("BVA") requested additional information referred to as remands, or sought new medical opinions.

24.     Plaintiffs and others similarly situated were also required to be flexible in the scheduling time of the actual exam as to assist any veteran who has scheduling conflicts. This resulted in exams taking place prior to the start of the tour of duty or after the conclusion of the tour of duty.

25.     The work product and work history of Plaintiffs and others similarly situated were all recorded in VA systems to include VistA, CAPRI, and VBMS. For instance, the DBQs are transmitted to VBA via the VistA/CAPRI, so there is a time stamp in CAPRI every time Plaintiffs and others similarly situated closes an exam.

26.     These systems required the Plaintiffs and others similarly situated to login and logout and time-stamped all login/logout times and work product.

27.     During all relevant times, up until and including the present, Plaintiffs and others

similarly situated routinely worked outside of their tour of duty including but not limited to: prior to the start of the tour of duty, for all or a portion of the unpaid meal period, after the conclusion of the tour of duty, and on days off in excess of fifteen (15) minutes duration in a calendar day, on a recurring and involuntary basis, and for tours of duty in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement performing VA exams and other related duties.

28. At all times relevant to this action and continuing to the present, Defendant, including supervisors and/or other VA personnel with the authority to order or approve overtime work and pay, had knowledge that Plaintiffs and others similarly situated on a recurring and involuntary basis worked additional hours in excess of fifteen minutes in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirements performing their duties, and expected, required, and induced Plaintiffs and others similarly situated to work during this time to ensure that exams and reports were timely completed.

29. Plaintiffs and others and similarly situated who do not perform their duties outside of their tours of duty in excess of fifteen minutes in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement, are led to believe that they may jeopardize the veteran's ability to receive benefits, the standing of the facility, and are subject to intensified scrutiny, management intervention, and potential disciplinary action for failure to timely complete exams and reports, poor time management and/or insubordination.

30. Plaintiffs and others similarly situated who do not perform their duties outside of their tours of duty in excess of fifteen minutes in a calendar day, in excess of forty (40) hours in

an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement are led to believe that their actions may result in harm to veterans, thereby subjecting the Plaintiffs and/or the VA to complaints to Congressional representatives and the media.

31. During either Plaintiff or management initiated interventions to address time management issues of the overwhelming and excessive workload which necessitated Plaintiffs and others similarly situated employees to work outside of their tour of duty, VA management has never offered to substantively reduce the workload to allow Plaintiffs and others similarly situated to have a workload that realistically reflects their actual work requirement and can be completed within their regularly scheduled tour of duty.

32. While Plaintiffs and others similarly situated have, on occasion, been provided with overtime pay or compensatory time for working outside of their tours of duty, most requests were denied and/or ignored.

33. At all times relevant to this action and continuing to the present, Defendant has willfully failed to compensate Plaintiffs and others similarly situated with overtime pay at one and one-half times each APRN's or PA's hourly rate of pay or compensatory time off for all hours worked on a recurring and involuntary basis, in excess of fifteen (15) minutes duration in a calendar day, and/or in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement, which were not otherwise approved as overtime and paid, or compensatory time off and granted.

34. Plaintiffs and others similarly situated have made numerous attempts to correct the VA's failure to pay the proper additional overtime pay.

35. Defendant's failure to compensate Plaintiffs and others similarly situated with

overtime pay or compensatory time off for all additional hours worked on a recurring and involuntary basis, in excess of fifteen (15) minutes duration in a calendar day, and/or in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement continues to the present.

36. As a result of the Defendant's conduct described in this Complaint, Plaintiffs and others similarly situated individuals have suffered and continue to suffer injuries including, but not limited to, economic loss by not receiving the pay or time off to which they are entitled.

37. The conduct described in this Complaint has been, and continues to be intentional.

## CLASS ALLEGATIONS

38. Plaintiffs incorporate the allegations of Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. <u>Class Description</u>:   The Plaintiff Class consists of:

a) all persons who are past or present APRNs and/or PAs performing work in the Compensation and Pension Division of any VA facility; and

b) who were or are employed within six (6) years preceding the filing of the original Complaint in this action; and

c) who performed or are performing compensable work on a recurring and involuntary basis in excess of fifteen (15) minutes duration in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement; and

d) who did not receive overtime pay at one and one-half times their hourly rate of pay, or compensatory time off in lieu of overtime pay for all additional hours worked.

40. This action is properly maintained as a class action under Rule 23(a) and 23(b) of

the Rules of the United States Court of Federal Claims ("RCFC").

42. The class is so numerous that joinder of all members as plaintiffs is impracticable.

42. Plaintiffs reasonably estimate that the pool of potential class members is in excess of several hundred present and former employees.

43. There are common questions of law and fact that affect the members of the class and predominate over any questions affecting only individual members. The primary legal and factual questions in this case include, but are not limited to:

> a) Whether the Plaintiffs and others similarly situated were induced to perform work for the benefit of the VA outside of their normal daily or weekly work requirement satisfying the statutory requirement that overtime work be officially ordered or approved;
>
> b) Whether the VA's failure to pay Plaintiffs for all additional hours worked with overtime pay at one and one-half times each affected nurse's hourly rate of pay, or to the extent requested and permissible with compensatory time off requested in writing, violates the additional overtime pay provisions of 38 U.S.C. § 7453 and/or VA overtime regulations and policies;
>
> c) If the Plaintiffs prevail on the issues of liability, what are the amount of damages to which the Plaintiffs and other class members are entitled?

44. Plaintiffs' claims are typical of the claims of the class, and Plaintiffs have no interests adverse to or in conflict with those of other class members.

45. Plaintiffs will fairly and adequately protect the interests of the class. They have retained competent counsel experienced in class action litigation and in litigation involving pay statutes.

## COUNT I
### VIOLATION OF NURSE ADDITIONAL PAY STATUTE 38 U.S.C. § 7453, 7454 BY DEPARTMENT OF VETERANS AFFAIRS

46.    Plaintiffs incorporate the allegations of Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47.    Per 38 U.S.C. § 7453(e)(1), "A nurse performing officially ordered or approved hours of service in excess of 40 hours in an administrative workweek, or in excess of eight consecutive hours, shall receive overtime pay for each hour of such additional service. The overtime rates shall be one and one-half times such nurse's hourly rate of basic pay."

48.    Per 38 U.S.C. § 7453(e)(2), "For purposes of this subsection, overtime must be of at least 15 minutes duration in a day to be creditable for overtime pay."

49.    Per 38 U.S.C. § 7453(e)(3), "Compensatory time off in lieu of pay for service performed under the provisions of this subsection shall not be permitted, except as voluntarily requested in writing by the nurse in question."

50.    Per 38 U.S.C. § 7453(f), "For the purpose of computing the additional pay provided by subsection (b), (c), (d), and or (e), a nurse's hourly rate of basic pay shall be derived by dividing such nurse's annual rate of basic pay by 2080."

51.    Per 38 U.S.C §7454(a), "Physician assistants… shall be entitled to additional pay on the same basis as provided for nurses in section 7453 of this title."

52.    Defendant's knowledge of the additional hours worked by Plaintiffs and others similarly situated on a recurring and involuntary basis, in excess of fifteen (15) minutes duration in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement and Defendant's expectation, requirement, and inducement to work those additional hours constitute Defendant's

order or approval for the additional hours worked.

53.     At all times relevant to this action and continuing to the present, Defendant willfully failed to pay Plaintiffs and others similarly situated for additional hours worked on a recurring and involuntary basis, in excess of fifteen (15) minutes duration in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement at an overtime rate of one and one-half times the hourly rate of pay or with compensatory time off.

54.     The foregoing actions of Defendant constitute violations of the additional overtime pay provisions of 38 U.S.C. § 7453.

55.     Plaintiffs and others similarly situated, who have been employed as APRNs and/or PAs have been financially damaged by the VA's failure to properly pay additional overtime pay and are entitled to recover from the Defendant relief that includes, but is not limited to, any and all unpaid overtime back pay, and interest on such overtime back pay, for all additional hours worked on a recurring and involuntary basis, in excess of fifteen (15) minutes duration in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement; and, reasonable attorney's fees and costs of this action pursuant to 38 U.S.C. § 7453 and 5 U.S.C. § 5596.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Certify this case as a class action pursuant to RCFC 23(a) and 23(b); certify Plaintiffs as the class representatives; and approve the undersigned attorneys as attorneys for the class;

2. Declare Defendant's conduct alleged herein to be in violation of the Plaintiffs' rights under 38 U.S.C. § 7453, and under overtime pay regulations and policies of the VA;

3. Order Defendant to cease failing to comply with 38 U.S.C. § 7453 and regulations and policies of the VA by failing to properly pay Plaintiffs and the class members overtime pay or compensatory time off for additional hours worked on a recurring and involuntary basis, in excess of fifteen (15) minutes duration in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, and/or in excess of their daily work requirement;

4. Enter judgment against Defendant for all back pay due to Plaintiffs and all others similarly situated for any and all unpaid overtime pay due under 38 U.S.C. § 7453, 5 U.S.C. § 5596, and overtime pay regulations and policies of the VA, which Defendant unlawfully withheld from Plaintiffs and all others similarly situated for those hours worked on a recurring and involuntary basis, in excess of fifteen (15) minutes duration in a calendar day, in excess of forty (40) hours in an administrative workweek, in excess of eight (8) consecutive hours in a workday, or in excess of their daily work requirement during the statutory period;

5. Award Plaintiffs and the class they represent an adjustment for any negative State and Federal Income Tax consequences they may incur, related to the payment of any award herein;

6. Award Plaintiffs and the class they represent pre-judgment interest on any and all unpaid wages or other damages to which they may be entitled;

7. Award interest pursuant to 5 U.S.C. § 5596(b) on all above amounts;

8. Award reasonable attorney's fees and the costs and disbursements of this action to be

paid by Defendant to Plaintiffs' counsel under 5 U.S.C. § 5596;

9. Grant such further and other relief as this Court deems just and proper.

Respectfully submitted,

 /s/ **JACOB Y. STATMAN**
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

Counsel of Record for Plaintiffs


Jason I. Weisbrot, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jason@sniderlaw.com

Of Counsel for Plaintiffs

## **CERTIFICATE OF SERVCE**

I hereby certify that on this 19th day of January, 2022, a copy of the foregoing Complaint and Civil Cover Sheet were filed with the Clerk of Court via the CM/ECF filings system. Pursuant to the Rules of the United States Court of Federal Claims, the Clerk of Court will serve the Defendant, United States.

I further certify that a copy of this Complaint was served onto Counsel of Record for in the related case of *Mercier, et al. v. United States;* Case No. 12-920C.

    /s/  JACOB Y. STATMAN
Jacob Y. Statman, Esq.
Snider & Associates, LLC
600 Reisterstown Road; 7th Floor
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: jstatman@sniderlaw.com

Counsel of Record for Plaintiffs